IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD NIETO,<br><br>             Plaintiff,<br><br>vs.<br><br>THOMAS P. STRIGENZ,<br><br>             Defendant. | **8:25CV9**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

On January 22, 2025, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $27.40 within 30 days. *See* Filing No. 8. On March 10, 2025, this Court received a partial payment of the initial filing fee in the amount of $20.00, *see* Text Entry dated March 10, 2025, leaving a remaining balance of $7.40. As Plaintiff has not paid the entire initial partial filing fee or asked for an extension of time in which to do so, the Court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the entire initial partial filing fee.

If Plaintiff's failure to pay by the Court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the Court

will be excused. Absent a sufficient response, or payment of the remaining $7.40 of the initial partial filing fee, the case will be subject to dismissal. See *Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

Additionally, on February 6, 2025, this Court issued an order instructing Plaintiff to update his address no later than March 10, 2025, or this matter would be subject to dismissal. Filing No. 10. Plaintiff has an obligation to keep the Court informed of his current address at all times. See NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). This case cannot be prosecuted in this Court if Plaintiff's whereabouts remain unknown.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the remainder of the initial partial filing fee in the amount of $7.40 and for failure to provide an updated address. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The Clerk of Court is directed to terminate the Pro Se Case Management Deadline set for March 10, 2025, to check for updated address, and is instructed to set a pro se case management deadline in this case using the following text: **April 14, 2025**: check for response to show cause order.

Dated this 13th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court